UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-08809 DMG (FFMx) | Date | October 28, 2011 |
|---|---|---|---|

| Title | *Nana-Amartey:Baidoobonso-I AM, et al. v. Greenpoint Mortgage Funding Inc., et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED**

On October 24, 2011, Plaintiffs filed their complaint in this Court. A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). This statement should appear in the first paragraph and must include "[t]he statutory or other basis for the exercise of jurisdiction." C.D. Cal. L.R. 8-1. These rules exist in part because "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011).

Plaintiffs' jurisdictional statement is inadequate. Plaintiffs allege only that the location of the property at issue in this lawsuit, as well as that of all relevant transactions and events, is in Los Angeles County, California. (Compl. ¶¶ 23-24.) Plaintiffs cite no statutes that provide a basis for the Court's subject matter jurisdiction.

Nor is any such jurisdictional basis apparent from the face of the complaint. Under 28 U.S.C. § 1332(a)(1), courts have diversity jurisdiction if at least $75,000 is in controversy and the action arises between "citizens of different States." To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). Here, both Plaintiffs and several defendants appear to be California citizens, thus defeating diversity.

Under 28 U.S.C. § 1331, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law within the meaning of Section 1331 "if a well-pleaded complaint establishes either that federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-08809 DMG (FFMx)** | Date | October 28, 2011 |
|---|---|---|---|
| Title | *Nana-Amartey:Baidoobonso-I AM, et al. v. Greenpoint Mortgage Funding Inc., et al.* | Page | 2 of 2 |

law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)) (internal quotation marks omitted). Plaintiffs' causes of action, however, all arise under state law. Thus, there appears to be no federal question jurisdiction.

Therefore, Plaintiffs are hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiffs shall file their response by no later than **November 7, 2011**. **Failure to file a satisfactory response will result in the dismissal of this action.**

Although they are proceeding *pro se*, *i.e.*, without legal representation, Plaintiffs are required to follow both the Local Rules and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.10.3. The Court may not provide legal advice to any party, including *pro se* litigants. There is a "*Pro Se* Clinic" operating within the courthouse that can provide information and assistance about many aspects of civil litigation in this Court. The Clinic is administered by Public Counsel, a public interest law firm, and is staffed by lawyers and a paralegal. The clinic is open to members of the public on Mondays, Wednesdays, and Fridays from 9:30 a.m. to noon and 2:00 p.m. to 4:00 p.m. It is located in room 525 on the fifth floor of the United States Courthouse at 312 North Spring Street, Los Angeles, California. In addition, some information for *pro se* litigants can be found on the Central District's website. *See* Representing Yourself in Federal Courts, http://www.cacd.uscourts.gov/cacd/ProSe.nsf.

**IT IS SO ORDERED.**